1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD J. PAYNE,

11           Petitioner,                    No. CIV S-05-1424 MCE PAN P

12      vs.

13   JOE McGRATH,[1]                        ORDER AND

14           Respondent.                    FINDINGS & RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se and in forma pauperis with an

17   application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the

18   court on respondent's motion to dismiss for failure to exhaust state court remedies.

19           The exhaustion of state court remedies is a prerequisite to the granting of a

20   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

21   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

22   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

23   _____

24           [1] Good cause appearing, respondent's request to substitute Joe McGrath as respondent in
     this action will be granted.

25

26           [2] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before

presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for writ of habeas corpus and the papers filed in

support of and in opposition to respondent's motion to dismiss, the court finds that petitioner has

failed to exhaust state court remedies.  None of the claims raised in this action have been

presented to the California Supreme Court.  Further, petitioner's contentions that state court

remedies are unavailable to him for the claims at bar are without merit.  Accordingly,

respondent's motion to dismiss should be granted and the instant action should be dismissed

without prejudice.[3]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Respondent's request to substitute Joe McGrath as respondent in this matter is

granted;

2.  Joe McGrath is substituted as respondent in place of Jeanne Woodford; and

IT IS HEREBY RECOMMENDED that:

1.  Respondent's October 4, 2005 motion to dismiss be granted; and

2.  This action be dismissed without prejudice for failure to exhaust state

remedies.

These findings and recommendations will be submitted to the United States

District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

twenty days after being served with these findings and recommendations, any party may file

written objections with the court and serve a copy on all parties.  Such a document should be

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are
advised that failure to file objections within the specified time may waive the right to appeal the
District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2006.

UNITED STATES MAGISTRATE JUDGE

12
payn1424.103